## MAYOR, &c. OF NEW YORK v. BROOKLYN FIRE INSURANCE COMPANY.

### December, 1868.

Affirming 41 *Barb.* 231.

In an action on a policy of fire insurance, evidence of verbal representations, made by the person applying for the insurance, at the time of application, as to the present and future uses of the building, but not expressed or embodied in the policy, is not admissible.

In the absence of fraud, the admission of such evidence would violate the rule excluding parol evidence to vary a written contract; and if it be relied on for the purpose of showing fraud or a collateral warranty, the fact must be specially pleaded as such in order to be admissible.

The Mayor, &c. of the city of New York sued the Brooklyn Fire Insurance Company, in the supreme court, on a fire policy, issued by the defendants to the plaintiffs, June 23, 1858, in-

suring the Crystal Palace building and its contents, which were destroyed by fire in October, of the same year. There was but one question in the case which was not disposed of by the decision of this court in the case of the same plaintiffs against the Exchange Insurance Company (reported at p. 261 of this volume), and that question arose upon an offer by the defendants to prove certain representations made in behalf of the plaintiffs at the time of effecting the insurance.

It had already appeared in proof, that at the time of the fire the building was occupied by the American Institute, for the purpose of its annual exhibition, under a lease, executed on June 25, 1858; that the Institute had erected steam and caloric engines, with boilers and furnaces, in the building, and that the same were run with fires from September 15 to October 5, when the building was destroyed.

The defendants then offered to show, that, at the time of the application for the insurance, it was represented to the defendants, on the part of the plaintiffs, that the building was in the possession of the plaintiffs; that it was not to be any longer a place of public exhibition; that there was no fire on the premises, and that the American Institute was not to occupy it again. This evidence was objected to by the plaintiffs, the objection was sustained, and the defendants excepted.

*The supreme court,* after passing upon certain other questions, held, that the evidence which defendants offered to give, as above stated, would tend to vary the operation of the language contained in the policy, and therefore was inadmissible, and that such a statement as was offered to be proved was not, in a legal sense, a representation of any fact in existence. They accordingly ordered judgment to be entered for the plaintiffs on the verdict. The defendants appealed.

*John W. Edmonds,* for defendants, appellants;—Insisted that this evidence would not vary the policy, within the rule.

*Thomas H. Rodman,* for plaintiffs, respondents;—Relied on the decision of Mayor, &c. *v.* Exchange Fire Ins. Co., p. 261 of this vol.; Alston *v.* Mechanics' Mut. Ins. Co., 4 *Hill,* 329.

Mayor, &c. of New York *v.* Brooklyn Fire Ins. Co.

· DWIGHT, J. [After stating the facts.]—The evidence offered was properly excluded. The representations were not claimed to be fraudulent, and, so far as they are claimed to have been false, they related to matters resting in intention or expectation. The offer was to prove representations made on or before June 23, and it is not claimed that, so far as they represented any then past or existing fact, they were not true. The lease to the American Institute was made on June 25, and the fires were put in after that time.

It is a well settled rule, that a verbal representation, to vitiate a contract of insurance, must relate to some past or existing fact material to the risk, and that a representation in the nature of a promise or stipulation for future conduct on the part of the insured, must be inserted in the policy, or the underwriters cannot avail themselves of it. Alston *v.* Mechanics' Mut. Ins. Co., 4 *Hill*, 329, and the cases and authorities there cited and examined.

The judgment should be affirmed.

WOODRUFF, J.—I do not discover that this case differs, in the principles involved in the question of liability for the loss, according to the terms of the policy, from the case of Mayor *v.* Exchange Fire Ins. Co., and several other actions which have already been passed upon in this court, all of which were actions upon policies upon the same subject of insurance, viz: the Crystal Palace.

It is claimed, however, that there is one ground for discrimination, in this : that, on the trial of this action, the defendants offered to prove, that, when the present insurance was applied for, the person making the application represented orally to the defendants that the premises were now in the possession of the plaintiffs, and that the building was to be taken down, and that it was not to be any longer used as a place of public exhibition ; that there was not a single fire upon the premises, and that the American Institute would not be allowed to occupy, and was not to occupy it again. The offer to prove these representations, or any of them, was rejected, and to the refusal to permit such proof the defendants excepted.

This court have decided in the several cases above referred

to, that under the policy as in fact issued, the use of the building for the purposes of a public exhibition, as, at the time of the fire, it was in fact used, was not prohibited by the policy, which was the written agreement of the parties, and the only proper evidence of their contract. So long, therefore, as that contract stands in force as the true declaration of the actual contract, its interpretation, as already many times judicially declared, must be conclusive of the rights and liabilities thence arising or accruing. To admit evidence of oral representations made in the course of the negotiations between the parties which led to the contract, for the purpose of altering its legal effect, would be in violation of a rule too familiar and too long and firmly established to be at this day open to discussion.

And if the offer of this proof was to establish that the present policy was issued in reliance upon a representation, upon the truth of which (its materiality to the risk being conceded) the binding force or validity of the policy itself depended, then the proof was not admissible, because such facts, relied upon for that purpose, were matter of affirmative defense in avoidance of the policy, and no such facts, and no such defense, are set up, or even intimated in the answer of the defendants.

If the offer was made in order to lay the foundation of a claim that such representations constituted an independent or collateral warranty by the assured that the building should not be so used, it is liable to the double objection that, it having been decided that such a use was, by the true construction of the written contract, permitted, a parol warranty on the same subject, at the same time, and upon the same considerations, cannot be proved, for the writing is held to be the conclusive evidence of the whole contract as to all matters embraced within its provisions; and next, if there were such a warranty, its breach was matter of defense, and, not being alleged in the answer, it was not within the issue to be tried.

The plaintiffs were not bound to be prepared, and, presumptively, were not prepared to meet it. The evidence was, therefore, properly rejected, in this view of the offer.

If the offer was made for the purpose of showing that the policy was obtained by fraud, and was not, therefore, binding,

then, as in the other case, the evidence was properly rejected, because not set up in any wise in the answer of the defendants, and they were not at liberty to prove it or insist upon it as a defense to the action.

For these reasons the judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.